## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| VIRGIL MOORE,  <br><br>      Plaintiff/Counterclaim Defendant,  <br><br>vs.  <br><br>UNITED STATES OF AMERICA,  <br><br>      Defendant/Counterclaim Plaintiff | No. 4:07-cv-00180-JAJ  <br><br><br><br>**FINAL INSTRUCTIONS TO THE JURY** |

# INSTRUCTION NO. 1
# INTRODUCTION / DUTIES / BURDEN

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence.

Counsel will quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you of course are to be governed by the instructions.

You are not to judge the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

Whenever a party must prove something, they must do so by the preponderance of the evidence. Preponderance of the evidence is evidence that is more convincing than opposing evidence. Preponderance of the evidence does not depend upon the number of witnesses testifying on one side or the other.

# INSTRUCTION NO. 2
# EVIDENCE

You shall base your verdict only upon the evidence and these instructions. Evidence is: (1) testimony in person and (2) exhibits received by the Court.

Evidence may be direct or circumstantial. The weight to be given any evidence is for you to decide. The following are not evidence: (1) statements, arguments, questions and comments by the lawyers; (2) objections and rulings on objections; and (3) anything you saw or heard about this case outside the courtroom.

You will decide the facts from the evidence. Consider the evidence using your observations, common sense and experience. You must try to reconcile any conflicts in the evidence; but, if you cannot, you will accept the evidence you find more believable. In determining the facts, you may have to decide what testimony you believe. You may believe all, part or none of any witness's testimony. There are many factors which you may consider in deciding what testimony to believe, for example: (1) whether the testimony is reasonable and consistent with other evidence you believe; (2) the witness' appearance, conduct, intelligence, memory and knowledge of the facts; (3) whether the witness has given statements in the past that are inconsistent with his or her testimony at trial; and (4) the witness' interest in the trial, their motive, candor, bias and prejudice.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider,

therefore, whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 3
# SUMMARY OF THE CLAIMS

This is a civil case brought by Plaintiff Virgil Moore, against Defendant United States of America ("United States"). Federal law requires employers to withhold income, Social Security, and Medicare tax, from their employees' wages at the time wages are paid. Employers are to put that money "in trust" and pay it to the federal government at appropriate times. These are commonly called "trust fund taxes." When a company fails to pay the "trust fund taxes," federal law authorizes the Internal Revenue Service ("IRS") to collect penalties from persons who are responsible for collecting, accounting for, and paying over any tax and who willfully failed to do so. The penalty is generally referred to as the "100-percent penalty" because the amount of the penalty is equal to the amount of the taxes that were not paid.

You have heard and seen references to Section 6672 of the Internal Revenue Code. It provides as follows:

> (a) General Rule. Any person required to . . . truthfully account for and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . shall be liable to a penalty equal to the total amount of the tax not accounted for and paid over.
>
> (b) Preliminary notice requirement
>
> (1) In general. No penalty shall be imposed under subsection (a) unless the Secretary notifies the taxpayer in writing . . . or in person that the taxpayer shall be subject to an assessment of such penalty.
>
> (2) Timing of notice. The mailing of the notice described in paragraph (1) (or, in the case of such a notice delivered in person, such delivery) shall precede any notice and demand of any penalty under subsection (a) by at least 60 days.

The United States alleges that Moore was a responsible person at Iowa Trade Bindery, Inc. and that he willfully failed to remit trust fund taxes for four quarters – the

first quarter of 2003; the second quarter of 2003; the first quarter of 2004; and the fourth quarter of 2004. Moore filed this complaint to recover penalty funds that he already paid to the United States. The United States has counterclaimed, seeking the remainder of the taxes that were unpaid. Moore claims that he is neither a responsible person nor that he wilfully withheld trust-fund taxes.

# INSTRUCTION NO. 4
# FAILURE TO REMIT TRUST FUND TAXES

Virgil Moore has made a claim to recover the penalties he paid to the United States based on an assessment the IRS made against him. To succeed on his claim, Moore must show by a preponderance of the evidence either:

1. That he is not a "responsible person"; or
2. That he did not "willfully" fail to pay taxes.

If Moore proves either of these propositions for any quarter, he can recover a refund for that quarter and is not liable for the trust fund recovery penalty assessed by the IRS against him for that quarter.

## "RESPONSIBLE PERSON"

A "responsible person" is someone who has the status, duty, and authority to avoid the corporation's default in collection or payment of the taxes. A "responsible person" is one who has significant, though not exclusive, authority to make decisions related to federal tax payments. A "responsible person" need not actually disburse the funds. There can be more than one responsible person at a company.

The "responsible person" is generally an officer or high-level employee of the company but a person is not responsible solely because of his title, corporate status or mechanical functions. You should look beyond the person's title and assess his actual duties. You may consider the following factors, among others, to determine whether the plaintiff was a "responsible person": (1) whether he is an officer or member of the board of directors; (2) whether he owns a substantial amount of stock in the company; (3) whether he manages the day-to-day operations of the business; (4) whether he has the authority to hire and fire employees; (5) whether he makes decisions as to the disbursement of funds and payment of creditors; and (6) whether he possesses the authority to sign company checks. To be held responsible, a person does not need check-signing authority.

None of these factors singularly determines whether or not Plaintiff was a responsible person.

## FORM 2751

With respect to the first quarter of 2003, the Government contends that by signing Exhibit F (Form 2751), Plaintiff admitted he was a responsible person and agreed to make payments. Plaintiff claims he signed this form under duress and coercion. You may use Exhibit F and the testimony surrounding its execution to determine whether he admitted that he was a responsible person. It is Virgil Moore's burden to prove that it was signed under duress or coercion.

A person acts under duress or coercion when, considering all surrounding circumstances, (1) he involuntarily accepted the terms of another person; (2) there were no alternatives to accepting the terms of the other person; and (3) the circumstances were the result of wrongful, coercive or oppressive conduct of the other person. In deciding whether Plaintiff acted under duress or coercion, you may consider his business experience, that he is an attorney, whether he had sufficient time to review the document, his level of knowledge, and whether he understood what he was signing. The fact that a person is faced with a difficult decision does not alone mean that the decision was not voluntary.

## "WILLFULLY"

A "responsible person" acts willfully if he failed to pay taxes consciously, voluntarily, and with the knowledge or intent that the taxes will not be paid but will be used for other purposes. A "responsible person" also acts willfully by proceeding with a reckless disregard of a known or obvious risk that trust funds may not be remitted to the government. If Moore was a "responsible person" both before and after the withholding tax liability accrues, then he had a duty to use unencumbered funds acquired after the tax obligation becomes payable to satisfy that obligation. Failure to do so when there is knowledge of the liability constitutes willfulness. It is Moore's

burden to prove that all potentially available funds were encumbered. Funds are encumbered only where the taxpayer is legally obligated to use the funds for a purpose other than satisfying the preexisting tax liability and if that legal obligation is superior to the interest of the IRS in the funds. The term "willfully" does not connote a bad or evil motive or fraud. It is not a defense to show that Moore was told or directed by others not to pay taxes.

## INSTRUCTION NO. 5
## ASSESSMENT PRESUMED CORRECT

The tax assessments of the IRS are presumed to be correct. Under the circumstances of this case, you will not need to make a decision about the proper amount of the assessments.

# INSTRUCTION NO. 6
# DELIBERATIONS

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. Your verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

**DATED** this 29th day of July, 2009.

_____
JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| VIRGIL MOORE, | |
| Plaintiff/Counterclaim Defendant, | No. 4:07-cv-00180-JAJ |
| vs. | |
| UNITED STATES OF AMERICA, | **VERDICT** |
| Defendant/Counterclaim Plaintiff | **FORM** |

**FIRST QUARTER 2003**

With respect to the first quarter of 2003, answer the following questions:

1. Was Virgil Moore a responsible person for paying Iowa Trade Bindery's trust fund taxes for the first quarter of 2003?

   _____ Yes          _____ No

*(If your answer is "no," proceed to consider the questions relating to the second quarter of 2003 on page 3.  If your answer is "yes", continue to question 2.)*

2. Did Virgil Moore willfully fail to pay Iowa Trade Bindery's trust fund taxes for the first quarter of 2003?

   _____ Yes          _____ No

*(If your answer is "no," proceed to consider the questions relating to the second quarter of 2003 on page 3.  If your answer is "yes", continue to question 3.)*

3. Did Ms. Denning deliver a IRS letter form 1153(DO) to Virgil Moore on July 30, 2003, regarding the trust fund payments for the first quarter of 2003?

_____ Yes          _____ No

*(If your answer is "yes," proceed to consider the questions relating to the second quarter of 2003 on page 3. If your answer is "no", continue to question 4.)*

4. Did Virgil Moore sign Exhibit F (Form 2751) voluntarily, without duress or coercion?

_____ Yes          _____ No

## SECOND QUARTER 2003

With respect to the second quarter of 2003, answer the following questions:

1. Was Virgil Moore a responsible person for paying Iowa Trade Bindery's trust fund taxes for the second quarter of 2003?

   \_\_\_\_\_ Yes               \_\_\_\_\_ No

*(If your answer is "no," proceed to consider the questions relating to the first quarter of 2004 on the following page. If your answer is "yes", continue to question 2.)*

2. Did Virgil Moore willfully fail to pay Iowa Trade Bindery's taxes for the second quarter of 2003?

   \_\_\_\_\_ Yes               \_\_\_\_\_ No

## FIRST QUARTER 2004

With respect to the first quarter of 2004, answer the following questions:

1. Was Virgil Moore a responsible person for paying Iowa Trade Bindery's trust fund taxes for the first quarter of 2004?

    \_\_\_\_\_ Yes           \_\_\_\_\_ No

*(If your answer is "no," proceed to consider questions relating to the fourth quarter of 2004 on the following page. If your answer is "yes", continue to question 2.)*

2. Did Virgil Moore willfully fail to pay Iowa Trade Bindery's taxes for the first quarter of 2004?

    \_\_\_\_\_ Yes           \_\_\_\_\_ No

**FOURTH QUARTER 2004**

With respect to the fourth quarter of 2004, answer the following questions:

1.  Was Virgil Moore a responsible person for paying Iowa Trade Bindery's trust fund taxes for the fourth quarter of 2004?

    _____ Yes          _____ No

*(If your answer is "no," do not answer question 2. If your answer is "yes", continue to question 2.)*

2.  Did Virgil Moore willfully fail to pay Iowa Trade Bindery's taxes for the fourth quarter of 2004?

    _____ Yes          _____ No

_____                    _____
Date                                      Foreperson


_____            _____
Juror                                     Juror


_____            _____
Juror                                     Juror


_____            _____
Juror                                     Juror


_____
Juror